IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE DEANDRE CAFFEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv151-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

On December 5, 2007, Caffey entered, pursuant to a plea agreement, a plea of guilty to five counts of a multi-count superseding indictment.[1]  Variously, Caffey was charged with distribution of a controlled substance and possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1) and (b)(1).  On February 27, 2008, Caffey was sentenced to imprisonment for 168 months.  No appeal was filed.  Caffey filed the instant 28 U.S.C. § 2255 motion to vacate his sentence on February 25, 2009.  On September 30, 2011, the court held an evidentiary hearing on two of Caffey's claims.[2]  Based on the evidence presented to the court at the hearing and the court's consideration of the parties' briefs and the record before the court, the court concludes that Caffey's motion to vacate should be denied.

---

[1] *United States v. Caffey*, 2:07cr95-WHA (M.D. Ala. 2008).

[2] Those claims are that Caffey's trial counsel failed to conduct a pretrial investigation and failed file a direct appeal on the petitioner's behalf after being requested to do so.

## II.  Timeliness of the Motion

A § 2255 motion ordinarily is subject to a one-year limitations period. 28 U.S.C. § 2255(f).  A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal.  *Long v. United States,* 626 F.3d 1167, 1169 (11th Cir. 2010).  Here, the United States concedes that Caffey's motion is timely, and it is.  It was filed within one year of the date he was sentenced.

## III.  Discussion of the Issues

**A.  Introduction.**  As stated by Caffey, his five separate ineffective assistance of counsel claims are as follows.

1. Counsel was ineffective for failing to perform minimum pretrial investigation and failing to obtain any discovery material related to the additional charges added in the superseding indictment after petitioner Caffey continued to tell him he was innocent of the additional charges.

2. Counsel was ineffective for failing to object to the Government breach of the Plea Agreement.

3. Counsel was ineffective in violation of the Sixth Amendment when counsel failed to file a notice of appeal after being requested to do so.

4. Counsel was ineffective in violation of the Sixth Amendment when counsel failed to challenge the manager/supervisor enhancement that increased Petitioner sentence an additional two (2) levels.

5. Counsel was ineffective in violation of the Sixth Amendment when counsel failed to pursue the return of Petitioner Caffey's property after being paid an additional sum for that purpose.

In addition, Caffey contends that the United States breached the plea agreement with

2

him and that his guilty plea was coerced.  The United States responds to these claims on the merits but also contends that Caffey's § 2255 motion should be dismissed because his plea agreement contains a waiver of appeal or collateral attack and because his claims are procedurally defaulted because they could have been but were not raised on direct appeal.

In his plea agreement, Caffey waived his right to appeal or collaterally attack his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct.[3] (Plea Agreement, doc. # 11-3, at 10) Thus, Caffey is not barred from raising his claims of ineffectiveness of counsel.  In addition, the breach of plea agreement claim is subsumed in one of Caffey's ineffectiveness of counsel claims which effectively requires consideration of the merits of the breach claim.

This leaves the coercion claim which the court will now address.  The United States argues Caffey should have raised this claim on direct appeal; therefore, he is now barred from raising it in a § 2255 proceeding.  Generally, failure to raise an issue on direct appeal results in procedural default of a subsequent collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")  An exception exists for claims that cannot be presented without further factual development. *See Waley v. Johnston*, 316 U.S. 101, 104 (1942) (holding that there was such an exception for a claim that a plea of guilty had been coerced by threats made by a Government agent, when the facts were

---

[3]While not relevant here, Caffey and the United States also agreed that if the United States appealed Caffey's sentence, Caffey also could appeal.

"dehors the record and their effect on the judgment was not open to consideration and review on appeal."). The court pretermits the default issue because Caffey's knowing and voluntary plea agreement waiver of his right to appeal or collaterally attack his sentence bars consideration of the coercion claim. The following is the waiver contained in Caffey's plea agreement.

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

(Doc. # 11-3 at 10)

During the plea colloquy, Caffey testified that he understood the terms of the plea agreement. (Tr. Plea Colloquy, Doc. # 11-4 at 6) He also testified that no one had attempted in any way to force him to plead guilty. (*Id.* at 7) Then, Caffey testified about his understanding of his appeal and collateral attack waiver.

> THE COURT: Mr. Caffey, normally you would have the right to appeal any sentence which is imposed on you in this case. However, under the terms of the plea agreement you are giving up your right to appeal or in any way attack a sentence imposed on you. There are several exceptions to that. First, you could appeal in the event of prosecutorial misconduct, or ineffective assistance

of counsel, or in the event that the sentence imposed on you is above the advisory guideline range for your case.  Do you understand that?

A. Yes, sir.

THE COURT: Mr. Caffey, the Government has not given up its right to appeal; however, if the Government would take an appeal in this case, as to any issue which the Government appeals you also could appeal.  Do you understand that?

A. Yes, sir.

THE COURT: But, again, Mr. Caffey with those exceptions you are completely and irrevocably giving up your right to appeal or otherwise attack any sentence imposed on you.  Do you understand that?

A. Yes, sir.

(*Id.* at 11-12)

At the conclusion of the plea colloquy, the court made the following findings.

Mr. Caffey, the Court finds that you are fully competent and capable of entering an informed plea, that you are aware of the nature of the charges and the consequences of your plea. I further find that your plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Your plea is therefore accepted and you are now adjudged guilty of counts one, two, four, five and six of the indictment.

(*Id.* at 18)

A sentence appeal waiver is enforced if it was made knowingly and voluntarily.

*United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  Caffey's testimony at the

plea hearing demonstrates that he understood the plea agreement and the waiver of his rights.

Those declarations carry a strong presumption of verity, *Blackledge v. Allison,* 431 U.S. 63,

73-74 (1977), and Caffey has failed to present convincing evidence that his plea was not voluntary.  *Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir. 1986).  Indeed, one Circuit Court of Appeals is even more blunt.  "[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).

Caffey did testify at the evidentiary hearing that when he expressed some reluctance about signing the plea agreement, the prosecutor told him that he would not get another offer if he did not sign the agreement, so he "figured" he had to accept the agreement.  This is hardly convincing evidence of coercion within the meaning of the law.  Being faced with a difficult choice is not coercion.  *See Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993) (Pleading guilty in the face of severe punishment does not mean that a plea is coerced or involuntary).  Caffey has not demonstrated that his will was overborne by coercion and that his plea was not made knowingly and voluntarily.  Caffey's coercion claim is barred from consideration by his waiver of his right to appeal or collaterally attack his sentence.

**B.  Ineffective Assistance of Counsel Claims.**  The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  The petitioner must satisfy the requirements of a two-pronged test to prevail on his claim of ineffective assistance of counsel.  The petitioner first must make a threshold showing that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S.

668, 688 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland,* 466 U.S. at 687). The burden of proving by a preponderance of the evidence that counsel's performance was unreasonable is a heavy one. *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). Once this threshold test of unreasonableness is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must first show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (quoting *Strickland*, 466 U.S. at 693). The prejudice component of the *Strickland* test focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law titles him. *Williams v. Taylor*, 529 U.S. 362, 393 n. 17

(2000).

Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original). There is a strong presumption that counsel's performance was reasonable and adequate, and great deference must be shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). A strategic or tactical decision by counsel amounts to ineffective assistance only if it is so "patently unreasonable a . . . decision that no competent attorney would have chosen" it. *Dorsey v. Chapman*, 262 F.3d 1181, 1186 (11th Cir. 2001). Indeed, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ___, ___, 130 S.Ct. 1473, 1484 (2010).

> Trial counsel's performance is entitled to "'highly deferential' judicial scrutiny." *Fugate v. Head*, 261 F.3d 1206, 1216 (11th Cir. 2001) (citation omitted). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. This Court en banc established this guideline: "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable.... [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). Thus, under federal law, there is "a strong presumption in favor of competence [and] the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." *Chandler*, 218 F.3d at 1314 (footnote and citations omitted); *see also Strickland*, 466 U.S. at 689-90, 104 S.Ct. at 2065-66 (noting that courts must "indulge [the] strong presumption" that counsel's performance was

reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment"). Accordingly, this Court "must recognize that counsel does not enjoy the benefit of unlimited time and resources," and that "[e]very counsel is faced with a zero-sum calculation on time, resources, and defenses to pursue at trial." *Chandler*, 218 F.3d at 1314 n. 14.

*Turner v. Crosby*, 339 F.3d 1247, 1275-76 (11th Cir. 2003).

1. *Failure to Investigate*. Caffey first contends that even after he continued to tell his lawyer he was innocent of the additional charges, his lawyer failed to perform minimum pretrial investigation and failed to obtain any discovery material related to the charges added in the superseding indictment.

Caffey was initially indicted on May 9, 2007, and charged in four counts with possession with intent to distribute marijuana, cocaine and cocaine base all in violation of 18 U.S.C. § 841(a)(1). Caffey first appeared before the court on May 22, 2007, and counsel was appointed. A superseding indictment was returned against Caffey on July 18, 2007. That indictment added a codefendant and two new 18 U.S.C. § 841(a)(1) charges relating to cocaine base and marijuana. Caffey plead guilty to counts one, two, four, five and six of the indictment. Of course, a "guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). And, the "two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). With regard to the prejudice prong of the *Strickland* inquiry, *Hill* clarified that in the context of guilty pleas "the defendant must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59.

In support of his failure to investigate contention, Caffey complains that his counsel failed to obtain the discovery or advise petitioner of any discovery material related to the additional charges in the superseding indictment.  Caffey was arraigned on the superseding indictment on August 1, 2007.  The minute entry for that proceeding shows that discovery had "[a]lready been turned over to counsel."  (Doc. # 35)  At the evidentiary hearing in this court, Caffey's trial counsel testified that with respect to the discovery material, he reviewed the material with Caffey in the jail including a video of a drug transaction.  Caffey did not watch the entire video saying, "I've seen enough."  Moreover, Caffey was originally charged in state court on the four charges contained in the original indictment, and he was represented by the same lawyer who represented him in the criminal case he now attacks.  In state court this lawyer participated in a preliminary hearing, and in the evidentiary hearing before this court, the attorney testified that he investigated those original charges.

At the evidentiary hearing, Caffey testified that his lawyer told him nothing about the new charges and never gave him the discovery until after his plea.  Thus, there is a dispute of fact between Caffey and his trial counsel which the court must resolve, and that requires that the court consider the credibility of the witnesses.  In making this credibility determination, the court must weigh the testimony of all the witnesses, taking into account the interests of the witnesses, the consistencies or inconsistencies in their testimonies, and

10

their demeanor on the stand.  *Gallego v. United States*, 174 F.3d 1196, 1198 (11th Cir.

1999).  That said, the court finds that Caffey is wholly unbelievable.

When Caffey entered his guilty plea he was advised that he was under oath subject to

the penalties of perjury.  During the plea colloquy, Caffey stated that other than the plea

agreement no one had made any promise to him to get him to plead guilty.  At the evidentiary

hearing Caffey claimed that he lied when he said this and again contended that he had been

promised more.[4]  Caffey justified his lie by explaining that this is the way it works in state

court where everything is worked out before a plea so during the plea "you agree to

everything."   Caffey also testified that his lawyer gave him a copy of the written plea

agreement the night prior to the plea colloquy, but he claimed he did not understand it.

Caffey has a college education.  There is nothing complex in the plea agreement, and during

the plea colloquy he testified that he understood the terms of the plea agreement.  (Tr. Plea

Agreement at 5, doc. # 11-4)  The court observed Caffey during his testimony at the

evidentiary hearing and concludes from his demeanor as well as the content of his testimony

that he lacks credibility.  Indeed, what is even more disconcerting is Caffey's evident lack

of concern about his disregard for truthfulness while under oath.  It is obvious that Caffey

will indifferently use any means at his disposal to achieve his desired ends.

But aside from his lack of credibility, it is not enough for Caffey to simply say he

would not have plead guilty.  When a defendant alleges that his counsel failed "to investigate

---

[4]The "more" was a sentence at the low end of the guideline range.

11

or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant ... will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59. This depends "in large part on a prediction whether the evidence likely would have changed the outcome of the trial." *Id.* At the evidentiary hearing, Caffey presented no evidence about what an investigation would have shown about any defense or exculpatory evidence that would have led his counsel to recommend trial rather than a plea. In his original motion and his affidavit in support of that motion, Caffey states that he repeatedly told his lawyer that he was "innocent" of the additional offenses charged in the superseding indictment. That contention garners no respect, however, because at his plea hearing Caffey admitted those offenses. "[T]he representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73-74. A petitioner's "declarations in open court carry a strong presumption of verity." *Id*.

In summary, the court concludes that Caffey has failed to meet his burden to show either that his lawyer was ineffective or that he was prejudiced within the meaning of *Strickland*. Caffey is not entitled to relief on his failure to investigate claim.

*2. Failure to Object to the United States' Breach of the Plea Agreement*. Caffey contends that the government breached the plea agreement when it failed to make a recommendation for the "low-end of the guideline" at sentencing. This claim and the

associated substantive claim are frivolous.  There is absolutely nothing in the written plea agreement about the government making a recommendation that any sentence imposed on Caffey be at the low end of his advisory Sentencing Guideline range. During the plea colloquy, in response to a question by the court about whether, other than the plea agreement, anyone had made any promise to him to get him to plead guilty, Caffey stated, "No, sir." (Tr. Plea Colloquy, doc. # 11-4 at 5) The only "evidence" supporting Caffey's claim is his own testimony which, as the court has already noted, is not credible.  His trial counsel testified that there were no agreements not set forth in the plea agreement, and the court credits that testimony.  Caffey is entitled to no relief on this claim.

  *3. The Notice of Appeal*.  Caffey contends that his counsel was ineffective in violation of the Sixth Amendment when he failed to file a notice of appeal after being requested to do so.  A lawyer who disregards his client's instructions to file a notice of appeal acts in a professionally unreasonable manner. *Roe,* 528 U.S. at 477.  In the context of such a claim, a petitioner can establish that his attorney acted in a professionally unreasonable manner either by showing that counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal" or by showing that, in the absence of specific instructions from the petitioner, there was reason to believe that "a rational defendant would want to appeal." *Id.* at 478, 480.  "[P]rejudice is presumed" when counsel fails "to file an appeal that the defendant wanted filed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005) (citing *Roe*, 528 U.S. at 483).  Thus, "to satisfy the prejudice prong ..., a defendant who

shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Id.*

At the September 30, 2011, evidentiary hearing on this issue, Caffey testified that after the sentencing hearing, he told his lawyer he wanted to appeal and that his lawyer said he would come see him that afternoon or the next day.  Caffey testified he wanted to appeal the § 3B1.1 two level increase as well as the guidelines range determined for him.  Caffey also testified that he sent counsel a certified letter but unfortunately he did not have it with him.[5] As already noted, the court finds that Caffey is not credible, and the court does not credit his testimony.

That does not end the matter, however.  Caffey's wife and mother were present during the sentencing hearing at the end of which the court observed that "I understand that under the plea agreement, the right to appeal has been waived by the defendant."  (Tr. Sentencing, Doc. # 11-7 at 24)   Nonetheless, Caffey's wife testified that she told Caffey's counsel that "we" wanted to appeal.  Caffey's mother understandably was upset after sentence was imposed.  She testified that Caffey's counsel came to her and said, "we can appeal."   The testimony of Caffey's wife and mother[6] raises the question of whether counsel had reason to

---

[5]His counsel testified that he did not recall Caffey asking him to file an appeal but he would have done so even in the face of his appeal waiver.

[6]Caffey's wife and mother also testified that they had Caffey's power of attorney which they claimed authorized them to act on his behalf concerning an appeal.  Just as a power of attorney does not authorize a non-attorney to file legal documents on the behalf of others, *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978), neither does a power authorize another person to give directions to a criminal defendant's lawyer.

14

believe that Caffey wanted to appeal. *See e.g., Cunningham v. United States*, 378 Fed.Appx. 955, 957-58 (11th Cir. 2010). To answer that question, the court considers several factors to determine whether a rational defendant would want to appeal. These factors include whether there are nonfrivolous grounds for appeal, whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and whether the plea agreement waived appellate rights. *Roe*, 528 U.S. at 480; *see also Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007) (per curiam).

The first factor is whether there are nonfrivolous grounds for appeal. Caffey has identified two grounds: the § 3B1.1 two level increase and the sentencing range for him calculated under the advisory sentencing guidelines. In the next section of this Recommendation, the court discusses the § 3B1.1 increase issue and finds it to be without substantive merit. Caffey's claim about the guideline range hinges upon his § 3B1.1 contention and his breach of the plea agreement claim. As explained in this Recommendation, both of those claims lack merit. Consequently, this factor weighs against Caffey.

The next three factors likewise weigh against Caffey. Those factors are whether his conviction followed a guilty plea (it did), whether Caffey received the sentence he bargained for (he did), and whether the plea agreement waived appellate rights (it did). It is understandable that Caffey's wife and mother would be upset after Caffey was sentenced. But given the circumstances of which Caffey's counsel was aware, it does not follow that he

15

would have reason to believe Caffey wanted to appeal.

In summary, the court finds that Caffey's testimony that he told his lawyer he wanted to appeal is not worthy of belief. The court further concludes that under the circumstances of this case which were well know to Caffey's lawyer, there was no reason for him to believe that Caffey wanted to appeal. Caffey is not entitled to relief on this claim.

*4. The Guidelines Enhancement.*[7]  Caffey contends his counsel was ineffective when he failed to challenge the manager/supervisor enhancement that increased Caffey's offense level an additional two (2) levels. The guidelines provide for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. § 3B1.1(c). In distinguishing a leadership role, the court is advised to consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Jiminez*, 224

---

[7]At the beginning of the evidentiary hearing, the parties suggested that this case could be settled by agreement to apply a two-point reduction in Caffey's offense level. However, absent the court finding that counsel was ineffective concerning this issue and granting the § 2255 motion, there is no basis for such an agreement. The circumstances under which a district court may modify a defendant's sentence are limited, and a court has no inherent authority to modify a sentence it previously has rendered, even if it was erroneous. *United States v. Diaz–Clark*, 292 F.3d 1310, 1316–18 (11th Cir.2002). Without a specific statutory basis to do so, a court lacks jurisdiction to consider a defendant's request that his sentence be lowered. *Id.* at 1315, 1317–19.

F.3d 1243, 1251 (11th Cir. 2000).  Caffey's presentence report states

> Pursuant to USSG § 3B1.1(c), if the defendant was a organizer, leader, manager, or supervisor in any criminal activity other than described in(a) or (b), increase by 2 levels. The defendant was a leader of a criminal activity in that he instructed Anthony Felder, a/k/a "Tony," to collect money that was owed to the defendant while he was incarcerated. In addition, Caffey was co-defendant, Jamaica Lawson's source for narcotics in Lowndes County, Alabama.

Caffey did not object at sentencing.  Now, he contends his counsel was ineffective for failing to make an objection.  At the evidentiary hearing held in this court, Caffey's trial counsel testified that he did not object because an objection would probably not be successful.  Counsel was aware that when Caffey was first arrested on state charges he called people and directed them to take actions regarding money.  In addition, counsel was concerned that an objection might cause the Assistant United States Attorney to withhold the U.S.S.G. 5K1.1 substantial assistance departure request.[8]  Counsel's conclusions were informed by Caffey's proffer during which he had provided "bare minimum" information and then only about the people to whom he provided drugs.  Additionally, counsel was concerned that an objection which minimized Caffey's role when the evidence showed otherwise might lead to an enhancement for obstruction of justice under U.S.S.G. 3C1.1.[9]

Caffey contends that the calls he made from his jail cell were made to a relative and

---

[8]The government did file that motion.

[9]U.S.S.G. 3C1.1 provides that "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels."

his wife concerning getting money for his bond.  He claimed that money was from legitimate business enterprises, and none of it came from drugs.  The court will not belabor the discussion about Caffey's credibility.  For the reasons already stated, the court does not credit this testimony.  Caffey also contends that application to him of § 3B1.1 was erroneous because a supervisor must supervise 2 or more persons.  This is plainly wrong, of course.  A § 3B1.1(c) 2 level increase requires only that the defendant be "an organizer, leader, manager, or supervisor in any criminal activity . . ."  "The assertion of control or influence over only one individual is enough to support a § 3B 1.1(c) enhancement." *United States v. Perry*, 340 F.3d 1216, 1217 (11th Cir. 2003).

Caffey's lawyer did not object to the enhancement because he believed an objection would not be successful and might result in harm to his client because the United States possibly would withhold a motion for a § 5K1.1 departure.  After careful consideration, the court cannot say that Caffey's lawyer's conclusions and tactical approach are unreasonable within the meaning of *Strickland*.  Moreover, it is patently obvious that an objection to the two level increase would not have been successful, and no prejudice exists if the claim that counsel fails to raise is not error.  *See e.g., Simmons v. Wainwright*, 710 F.2d 796, 797 (11th Cir. 1983). Caffey is not entitled to relief on this claim.

*5. The Return of Property Claim*.  Caffey contends his counsel was ineffective in violation of the Sixth Amendment when counsel failed to pursue the return of Caffey's property after being paid an additional sum for that purpose.  Caffey brings this action under

18

28 U.S.C. § 2255.  That statute provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Caffey's contentions about the failure of counsel to pursue the return of his forfeited property have nothing to do with the legality of the sentence imposed on him.  It is correct that the superseding indictment did contain a forfeiture allegation; however, on February 19, 2008, the court granted the government's motion to strike those allegations.  For these reasons, this claim fails.

      **C.  Breach of the Plea Agreement**.  For the reasons set forth above in the discussion of Caffey's claim that his counsel was ineffective for failing to object to the United States' breach of the plea agreement, Caffey is entitled to no relief on this claim.

## IV.  Conclusion

      The court has considered all of Caffey's claims.  *See Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*).  None of Caffey's claims warrant relief.  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Caffey's motion to vacate filed pursuant to 28 U.S.C. § 2255 be denied.  It is further

      ORDERED that the parties shall file any objections to this Recommendation **on or**

**before March 19, 2012**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of March, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE